UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEAN M. FLYNN & JAMES E. STEAD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,     PLAINTIFF, | : | CIV. NO. |
| VS. | | |
| DIRECTV, LLC     DEFENDANT | : | JULY 9, 2015 |

NOTICE OF REMOVAL
PURSUANT TO 28 U.S.C. 28 U.S.C. §§ 1332(D) AND 1453

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446 and 1453, defendant DIRECTV, LLC ("DIRECTV" or "Defendant"), by and through its undersigned attorneys, on this date has filed this Notice of Removal of this civil action from the Superior Court of Connecticut, Judicial District of Waterbury, at Waterbury to the United States District Court for the District of Connecticut together with all process, pleadings and orders, as required by 28 U.S.C. § 1446(d), copies of which are annexed hereto and made part hereof. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). This Notice of Removal of DIRECTV respectfully shows as follows:

I.    BACKGROUND

1.    On or about June 1, 2015, Plaintiffs Jean M. Flynn and James E. Stead (collectively "Plaintiffs") commenced this putative class action by filing their class action complaint ("Complaint") in the Superior Court of Connecticut, Judicial District of Waterbury, at Waterbury ("State Court Action").

2. Plaintiffs allege, among other things, that DIRECTV or its agents have illegally entered multiple dwelling unit properties ("MDUs") owned and leased by Plaintiffs and the putative members of the class and, without first receiving written or verbal landlord authorization and permission, have permanently installed DIRECTV equipment on the roof and/or exterior walls of said MDU. (Complaint ¶ 1.) Plaintiffs seek compensatory, consequential and punitive damages, injunctive relief, costs, and reasonable attorneys' fees. (Complaint ¶¶ 2–3; Prayer for Relief ¶¶ b-d.)

3. Plaintiffs bring this case as a putative class action and seek to certify a class of "All persons and/or entities ('Landlords') that own and lease residential multiple dwelling units ('MDU's') in the State of Connecticut, upon which Defendants, by their agents, servants and/or employees have, on at least one occasion during the applicable statutory period, without first receiving prior written Landlord authorization and/or permission, installed DIRECTV equipment on the roof and/or exterior walls of said MDU." (Complaint ¶ 42.)

4. The proposed class allegedly consists of "at least twenty five thousand (25,000) persons/entities." (Complaint ¶ 45.)

5. Plaintiffs and members of the putative class are citizens of Connecticut (Complaint ¶¶ 6-7, 42) and DIRECTV is a California limited liability corporation with its principal place of business in El Segundo, California (Complaint ¶ 3.). Accordingly, Plaintiffs are citizens of a State (Connecticut) different than Defendant. (Complaint ¶¶ 3, 6-7 and 42.)

6. As described in detail below (¶¶ 18-24), although Plaintiffs do not specify the total amount in controversy, the Complaint's allegations plausibly establish that the amount in controversy exceeds $5,000,000 in the aggregate.

7. Service of the Summons and the Complaint was made on DIRECTV on June 11, 2015. Accordingly, this Notice of Removal is timely filed within 30 days of DIRECTV's receipt of service of the Complaint pursuant to 28 U.S.C. § 1446(b).

8. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon DIRECTV in the State Court Action are attached hereto as Exhibit A.

9. In sum, this Court has jurisdiction over this action and all claims asserted against DIRECTV pursuant to 28 U.S.C. § 1441 and the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA") as codified in 28 U.S.C. § 1132(d). Because this Court has subject matter jurisdiction over this action, removal of this action to a federal court is proper pursuant to 28 U.S.C. § 1441. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the District of Connecticut is the federal judicial district embracing the Superior Court of Connecticut, Judicial District of Waterbury, at Waterbury, where the State Court Action is pending.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal (without exhibits) will be filed with the Clerk of the Superior Court of Connecticut, Judicial District of Waterbury, at Waterbury, which filing shall effect removal.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(D) AND 1453

11. This Court has original subject matter jurisdiction over this action pursuant to CAFA. Pursuant to 28 U.S.C. § 1332(d), this Court has original jurisdiction over class actions (i) where there are 100 or more members in the Plaintiffs' proposed class; (ii) where any member of the proposed class is a citizen of a state different from any defendant; and (iii) where the amount placed in controversy by the claims of the class members exceeds the sum or value of $5,000,000 in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (d)(5), and § 1453. As demonstrated herein, all of these criteria are met.

### A. The Size Of The Proposed Class Exceeds 100 Members

12. Pursuant to CAFA, the term "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The State Court Action was filed as a state court class action pursuant to Connecticut Practice Book §9-7, et seq., and Connecticut General Statutes §42-110h, which are similar to Rule 23 of the Federal Rule of Civil Procedure. (Complaint ¶ 40.) Therefore, the State Court Action falls within the definition of class action contained in CAFA.

13. Plaintiffs allege that "[they] do not know the exact size of the class, but it is reasonably estimated that the Class is composed of at least twenty five thousand (25,000) persons/entities." (Complaint ¶ 45.)

14.     Therefore, CAFA's requirement of a minimum putative class size of 100 or more persons is satisfied.

**B.  Minimum Diversity Of Citizenship Required By CAFA Exists**

15.     DIRECTV is a California limited liability corporation with its principal place of business in El Segundo, California and, therefore, a citizen of California for purposes of diversity jurisdiction under 28 U.S.C. § 1332. (Complaint ¶ 3.)

16.     Plaintiffs and the purported putative class are and, were at the time the State Court Action was commenced, citizens of the State of Connecticut. (Complaint ¶¶ 6-7, 42.)

17.     The diversity of citizenship between DIRECTV and Plaintiffs satisfies the minimal diversity requirements of CAFA, as set forth in 28 U.S.C. § 1332(d)(2), pursuant to which the Court shall have jurisdiction if any member of the proposed class is a citizen of a State different from any defendant.

**C.  It Is Clearly Plausible From The Allegations In The Complaint That The Amount In Controversy Exceeds $5,000,000**

18.     Plaintiffs' Complaint establishes the requisite amount in controversy under the theories of liability pled and damages sought. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.")

19.     Pursuant to CAFA, in any class action, a federal district court shall have original jurisdiction over a putative class action where the claims of the individual class

members, when aggregated, exceed the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

20.     Plaintiffs contend that DIRECTV is liable to Plaintiffs and the putative class for "damages measured by the value of the illegal use of plaintiffs' real property to DIRECTTV/Defendants" (Complaint, ¶ 69), "the costs to remove the DIRECTV Equipment and repair the roof at the sites of affixation" (Complaint ¶ 70), as well as all other available damages for trespass to real property, injunctive relief, declaratory relief, punitive damages, costs and disbursements, including attorneys' fees, both pre-judgment and post-judgment interest on any amounts awarded, and such other and further relief as may be deemed just and proper (Complaint – Prayer for Relief ¶¶ b-e). It is well established that the value of all claims against a defendant are added together in order to determine whether the requisite minimum for federal jurisdiction exists. *See, e.g., Snyder v. Harris*, 394 U.S. 332, 335 (1969).

21.     Plaintiffs estimate "the Class is composed of at least twenty five thousand (25,000) persons/entities." (Complaint ¶ 4.)

22.     Plaintiffs allege a class period that is three years from the date the Complaint was filed. (Complaint ¶ 44.)

23.     DIRECTV denies all liability and strongly disputes the merits of Plaintiffs' claims, that any class may be certified, and that Plaintiffs would be legally entitled any damages. However, Plaintiffs' allegations have placed in controversy an amount that significantly exceeds the requisite $5,000,000 amount in controversy. *McLoughlin v. People's United Bank, Inc.*, 586 F. Supp. 2d 70, 72 (D. Conn. 2008) ("the claims made

6

by the plaintiff, not the likely recovery, control."). For instance, if each of the alleged class members ("at least" 25,000) is assigned the minimum possible amount of multiple dwelling units owned (one) with the minimum possible amount of allegedly unauthorized installations per building (one), it is more than plausible the jurisdictional limit is met because, based on DIRECTV's experience with removing installed satellite dishes, it likely would cost more than $200 to remove every piece of satellite equipment Plaintiffs alleges to be at issue, restore the property to original condition, and pay whatever compensatory damages Plaintiffs allege to be the "value of the illegal use" of the property. (Complaint ¶¶ 69, 70, 76.) A greater-than-$200 per installation amount for each of the 25,000 alleged class members will exceed the $5,000,000 jurisdictional threshold. In addition, Plaintiffs also seeks attorneys' fees, punitive damages, and injunctive relief, which further increase the amount in controversy. *See, e.g., Kocienda v. U-Haul Int'l, Inc.*, No. 3:07CV954 (WWE), 2007 WL 2572269, at *1 (D. Conn. Sept. 4, 2007) (including punitive damages claims in amount in controversy calculation).

24. In sum, CAFA's amount in controversy requirement is satisfied because is plausible that the aggregate amount of (1) any costs to repair property damage and/or to remove Equipment for MDUs in Connecticut; (2) the value of DIRECTV's use of putative Class Members property for the past 3 years; (3) attorneys' fees; (4) injunctive relief; and (5) punitive damages, exceeds $5 million.

**D. The CAFA Exceptions to Federal Jurisdiction Are Not Applicable**

25. Although CAFA contains additional provisions under which the District Court may or shall decline jurisdiction, no statutory exception to CAFA jurisdiction

applies in this case because, among other reasons, DIRECTV is not a citizen of Connecticut, i.e., the state where the State Court Action was originally filed. See 28 U.S.C. § 1332(d)(3)–(4).

26. The party objecting to federal jurisdiction bears the burden of proving that an exception to CAFA jurisdiction applies. *Greenwich Fin. Servs. Distressed Mortgage Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010). Accordingly, the burden is on the Plaintiffs to prove that a CAFA exception applies here.

### III. CONCLUSION

27. In conclusion, DIRECTV respectfully submits that (1) the proposed class contains at least 100 members; (2) at least one member of the proposed class is a citizen of a state different from DIRECTV's state of incorporation and state of principal place of business; (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (4) the procedural requirements for removal under 28 U.S.C. § 1446 are met. For these reasons, DIRECTV respectfully requests that this Court assume full jurisdiction over this action as provided by law.

**DEFENDANT,**
**DIRECTV, LLC**
By: /s/ Matthew D. Gordon
Matthew D. Gordon, Esq.
Federal Bar No.: ct02355
Matthew Dallas Gordon, LLC
836 Farmington Ave., Suite 221A
West Hartford, CT 06119
Telephone: (860) 523-0471
Telecopier: (860) 523-0472
mattgordon@mdgordonlaw.com

**CERTIFICATION**

      This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 9th day of July, 2015, to the following parties of record:

Bruce Edward Newman
747 Stafford Avenue
Bristol, CT 06010

                                               /s/ Matthew D. Gordon
                                          Matthew D. Gordon, Esq.