**Exhibit A**

| SUMMONS - CIVIL | SUPERIOR COURT | "X" ONE OF THE FOLLOWING: |
|---|---|---|
| (Except Family Actions) JD-CV-1, Rev. 1-2000 C.G.S. 51-346, 51-347, 51-349, 51-350, 52-45a | | *Amount, legal interest or property in demand, exclusive of interest and costs is:* |

**INSTRUCTIONS**

*1. Print or type legibly; sign original summons and conform copies of the summons.*
*2. Prepare or photocopy conformed summons for each defendant.*
*3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare JD-CV-2 and attach it to the original and all copies of the complaint.*
*4. After service has been made by officer, file original papers and officer's return with the clerk of court.*
*5. The party recognized to pay costs must appear personally before the authority taking the recognizance.*
*6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.*

| | |
|---|---|
| ☐ less than $2,500 | |
| ☐ $2,500 through $14,999.99 | |
| ☒ $15,000 or more | |
| ("X" if applicable) | |
| ☒ *Claiming other relief in addition to or in lieu of money or damages.* | |

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

RETURN DATE (Mo., day, yr.) (Must be a Tuesday)
**July 21, 2015**

| ☒ JUDICIAL DISTRICT | AT (Town in which writ is returnable) (C.G.S. 51-346,51-349) | CASE TYPE (See JD-CV-1c) |
|---|---|---|
| ☐ HOUSING SESSION   ☐ GA NO | **Waterbury** | Major **T**    Minor **90** |

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-347, 51-350)

**300 Grand Street, Waterbury, CT 06702** | TELEPHONE NUMBER (with area code) **(203) 591-3300**

| PARTIES | NAME AND ADDRESS OF EACH PARTY | NOTE: *Individual's Names:* | PTY NO. |
|---|---|---|---|
| | *(No., street, town and zip code)* | *Last, First, Middle Initial*   ☐ Form JD-CV-2 attached | |
| FIRST NAMED PLAINTIFF | FLYNN, Jean M. | 19 Bigelow Road, New Fairfield, CT 06812 | 01 |
| Additional Plaintiff | STEAD, James E | 19 Bigelow Road, New Fairfield, CT 06812 | 02 |
| FIRST NAMED DEFENDANT | Directv, LLC, c/o Agent for Service, Corporation Service Company, 50 Weston Street, Hartford, CT 06120-1537 | | 50 |
| Additional Defendant | | | 51 |
| Additional Defendant | | | 52 |
| Additional Defendant | | | 53 |

**NOTICE TO EACH DEFENDANT**

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.

6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE | SIGNED (Sign and "X" proper box) | ☒ Comm. Of Superior Court | TYPE IN NAME OF PERSON SIGNING AT LEFT |
|---|---|---|---|
| **06/11/15** | | ☐ Assistant Clerk | **Bruce E. Newman** |

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code) | TELEPHONE NO. | JURIS NO (If atty or law firm) |
|---|---|---|
| **Bruce E. Newman, Brown, Paindiris & Scott, 747 Stafford Ave., Bristol, CT 06010** | **583-5200** | **401277** |

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip) | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|
| **Marsha Morann, 747 Stafford Avenue, Bristol, CT 06010** | |

| # PLFS. | # DEFS | # CNTS. | SIGNED (Official taking recognizance, "X" proper box) | ☒ Comm. Of Superior Court | For Court Use Only |
|---|---|---|---|---|---|
| **2** | **1** | **4** | | ☐ Assistant Clerk | FILE DATE |

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

| | |
|---|---|
| RETURN DATE: JULY 21, 2015 | : SUPERIOR COURT |
| | : |
| | : JUDICIAL DISTRICT OF |
| JEAN M. FLYNN AND JAMES E. STEAD, | : |
| INDIVIDUALLY AND ON BEHALF OF ALL | :WATERBURY |
| OTHERS SIMILARLY SITUATED, | : |
| Plaintiffs | : |
| | : |
| VS. | : AT WATERBURY |
| | : |
| DIRECTV, LLC, AND DOE, INC. | : |
| NOS. 1-3 | : |
| Defendants | : JUNE 11, 2015 |

## CLASS ACTION COMPLAINT

Plaintiffs, individually, and on behalf of all others similarly situated, upon knowledge as to themselves and upon information and belief as to all other matters, as and for their Complaint against Defendants, allege as follows:

### PRELIMINARY STATEMENT

1.      Plaintiffs bring this action individually, and on behalf of all  similarly situated persons and/or entities ("Landlords") that own and lease residential  multiple dwelling unit properties ("MDU's") in the State of Connecticut, upon  which Defendants, by their agents, servants and/or employees have, on at least one  occasion during the applicable statutory period, without first receiving prior written or  verbal Landlord authorization and/or permission, installed DIRECTV equipment on the  roof and/or exterior walls of said MDU. Plaintiffs seek injunctive relief, compensatory, consequential and punitive damages; costs and reasonable attorney's fees as more fully discussed herein.

2.      Plaintiffs also allege violations of the Connecticut Unfair Trade Practices Act (CUTPA), 21 CA 275, Sec. 42-110a *et. seq.* and  seek injunctive relief, compensatory, consequential, punitive damages, costs and reasonable attorney's fees  for Defendants' deceptive business practices and violations of public policy, as herein alleged and more

1

fully set forth in the Third and Fourth Counts.

## JURISDICTION AND VENUE

3.      This court has jurisdiction over this class action as Defendant DIRECTV, LLC

("DIRECTV") is a California limited liability corporation with its principal place of

business located at 2230 East Imperial Highway, el Segundo, CA 90245 and it is in the

business of installing and providing satellite TV to consumers through contracts in

Connecticut and specifically performs this business in this district.

4.      Plaintiffs will move at the appropriate time for an order certifying the matter

as a class pursuant to Connecticut Practice Book §9-7, *et seq.,* and Connecticut

General Statutes §42-110h.

5.      Defendant Doe, Inc. Nos. 1 through 3, are home service providers that are

agents, servants, employees, and/or representatives of DIRECTV.  Leave to amend to

will be requested to properly name these installers of DIRECTV equipment at

residential MDU's in Connecticut.

6.      Plaintiff, JEAN M. FLYNN, is a citizen and resident of New Fairfield,

Connecticut 06812.

7.      Plaintiff, JAMES E. STEAD, is a citizen and resident of New Fairfield,

Connecticut 06812.

## STATEMENT OF MATERIAL FACTS

8.      At all relevant times, Plaintiffs were the owners and landlords of an  MDU

located at 106 Greenmount Terrace, Waterbury, Connecticut 06708.

9.      At all relevant times, DIRECTV has been engaged in the marketing and sales of

DIRECTV satellite television service and the leasing and installation of DIRECTV

antennae such as a satellite dish and or other equipment designed for over-the-air reception of television broadcast signals ("Equipment") in the State of Connecticut.

10.     DIRECTV is a leading provider, in Connecticut, of digital television entertainment programming via satellite to residential and commercial subscribers.

11.     DIRECTV's digital entertainment programming is provided to subscribers by means of the Equipment that it licenses/leases to its subscribers and installs upon the MDU in which the subscriber rents and resides.

12.     Defendant Doe, Inc. Nos. 1-3 are not yet known and once their true identity is determined through discovery, leave to amend will be requested to properly name these entities, but they are providers of engineering, construction management and installation fulfillment services to companies specializing in the telecommunications, broadband cable, wireless, and satellite industries.

13.     Defendant Doe, Inc. Nos. 1-3 are full-service home service providers ("HSPs") in the digital television satellite industry.

14.     At all relevant times, Defendant Doe, Inc. Nos. 1-3 had a contractual relationship with DIRECTV to install DIRECTV equipment at Plaintiffs' MDU property and at or on other MDUs, located elsewhere in Connecticut.

15.     At all relevant times, Defendant Doe, Inc. Nos. 1-3 had a contractual relationship with DIRECTV to install DIRECTV equipment at Plaintiffs' MDU property and at or on other MDUs, located elsewhere in Connecticut.

16.     The contracts between DIRECTV and Defendant Do specify the nature of the satellite dish installation services they are to provide, and establish policies and procedures to which Defendant Doe, Inc. Nos. 1-3 technicians must adhere.

17.     Satellite system equipment installed by Defendant Doe, Inc. Nos. 1-3, pursuant

3

to these contracts, is owned by DIRECTV.

18.      Satellite system equipment is installed by Defendant Doe, Inc. Nos. 1-3 at the places of residence of DIRECTV customers/subscribers.

19.      Upon information and belief, DIRECTV requires all prospective Defendant Doe Inc., Nos. 1-3 technicians to pass a criminal background check and drug screening test before working on behalf of DIRECTV.

20.      DIRECTV directs these technicians to specific work sites and details the timeframe in which jobs must be completed.

21.      DIRECTV monitors the location of these Defendant Doe, Inc. Nos. 1-3 technicians, specifies the time at which they are supposed to arrive at appointments, and regularly evaluates completed work to ensure that it meets DIRECTV standards.

22.      DIRECTV determines the number of its customers that will be serviced by these technicians on any given day and the rate at which they are paid for each job.

23.      In accordance with the Federal Communication Commission's Second Report and Order, *In the Matter of Implementation of Section 207 of the Telecommunications Act of 1996, Restrictions on Over-the-Air Reception Devices* , 1998 WL 888546 (1998), *47 C.F.R. 1.4000(d)* a tenant does not have direct or indirect control over the exterior walls or roof of an MDU, which are common or restricted areas, and therefore the Regulation does not authorize installation of Equipment in those areas without consent of the Landlord. In particular, the Second Report and Order makes clear that DIRECTV cannot drill holes in an exterior wall or roof of an MDU without consent of the Landlord.

24.      Defendants were required to secure the prior verbal or written consent of the Plaintiffs-Owners and putative members of the class, before drilling holes in the exterior

4

walls or roofs of their Connecticut MDUs and permanently affixing DIRECTV Equipment thereto.

25.     DIRECTV requires its subscribers to execute a written permission form as a pre-requisite for installation of the Equipment

26.     Defendants were required to secure from DIRECTV subscribers,  an executed written permission form as a pre-requisite for installation of the Equipment

27.     Defendant Doe, Inc. Nos. 1-3 technicians  were required to secure the prior verbal or written  consent of the Plaintiffs-Owners and putative members of the class, before drilling  holes in the exterior walls or roofs of their Connecticut MDUs and permanently affixing  DIRECTV Equipment thereto.

28.     These defendants were responsible for providing Plaintiffs-Owners  and putative members of the class, with Equipment Installation Permission Forms.

29.     The lease between Plaintiffs and their tenants at the subject MDU prohibits the installation of satellite  dishes, including DIRECTV Equipment, on roofs and/or exterior walls of the subject  MDUs.

30.     Defendants had constructive/actual knowledge that the leases between Plaintiffs and their tenants prohibit the installation of DIRECTV Equipment on roofs and/or exterior walls of the subject MDUs, but ignored this prohibition.

31.     At all relevant times herein, Defendants did not require Tenant-subscribers to produce any evidence of prior Landlord approval to install DIRECTV system Equipment.

32.     At all relevant times herein, Defendants did not require Tenant-subscribers to produce any evidence that the subject lease or rental agreement did not have any prohibitions in connection with installation of DIRECTV system Equipment.

33.   DIRECTV caused the installation of DIRECTV equipment on roofs and/or exterior walls of MDUs owned by Plaintiffs and putative members of the class, on the mere representation of the Tenant-subscriber that "DIRECTV System installation at (address) has been *verbally* approved by my landlord (or is not required pursuant to my lease or rental agreement.)"

34.   Defendants' technicians installed DIRECTV equipment on roofs and/or exterior walls of MDUs owned by Plaintiffs and putative members of the class, on the mere representation of the Tenant-subscriber that "DIRECTV System installation at (address) has been *verbally* approved by my landlord (or is not required pursuant to my lease or rental agreement.)"

35.   Defendants' technicians installed DIRECTV equipment on roofs and/or exterior walls of MDUs owned by Plaintiffs and putative members of the class, without any knowledge, one way or the other, whether Plaintiff Landlords and putative members of the class had approved such installation.

36.   During all relevant times herein, Defendants, by their agents, servants and/or employees knowingly and intentionally violated the above-referenced FCC rules and regulations, by drilling holes in the exterior walls or roofs of C o n n e c t i c u t MDUs and permanently affixing DIRECTV Equipment thereto, without the prior verbal or written consent of the Plaintiffs-Owners and putative members of the class.

37.   Defendants have circumvented FCC regulations and violated public policy by performing i n s t a l l a t i o n of the DIRECTV Equipment on roofs and exterior walls of MDUs without securing prior written/verbal permission from the Plaintiffs-Landlords and/or putative class members.

38.    At all relevant times herein, Defendants never paid any fees and/or other monetary consideration to Plaintiffs or putative members of the class, for the use/occupancy/installation of DIRECTV system Equipment in or on the roofs and exterior walls of MDUs owned by Plaintiffs-Landlords or putative members of the Class.

39.    At all relevant times herein, upon the termination of tenant subscriptions to its satellite television service, DIRECTV abandons its Equipment permanently affixed to roofs and exterior walls of MDUs, requiring Plaintiffs-Landlords and putative class members to expend their own time, money and resources to remove the Equipment and repair the MDU at the site of affixation.

## CLASS ACTION ALLEGATIONS

40.    This action is brought and may be properly maintained as a Class action pursuant to Connecticut Practice Book §9-7, *et seq.,* and Connecticut General Statutes §42-110h.

41.    This action has been brought and may properly be maintained as a class action against Defendants because there is a well-defined community of interest in the litigation and the  proposed Classes are easily ascertainable.

42.    Plaintiffs bring this action on behalf of themselves and all others similarly situated, and seek certification of a Class, defined as:

*All persons and/or entities ("Landlords") that own and lease residential multiple dwelling units ("MDU's") in the State of Connecticut, upon which Defendants, by their agents, servants and/or employees have, on at least one occasion during the applicable statutory period, without first receiving prior written Landlord authorization and/or permission, installed DIRECTV equipment on the*

7

*roof and/or exterior walls of said MDU.*

43.     The following are excluded from the Class: any person or entity in which Defendants have a controlling interest; the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and their assigns of any such person or entity, together with any immediate family member of any officers, directors, employee of said persons and/or entities.

44.     The proposed Class Period is the time beginning three (3) years prior to the date of filing of this Class Action Complaint, and extending to the date of prospective entry of Judgment for the Class.

45.     Numerosity: Plaintiffs do not know the exact size of the class, but it is reasonably estimated that the Class is composed of at least t w e n t y   f i v e thousand (25,000) persons/entities. While the identities of Class members are unknown at this time, this information can be readily ascertained through appropriate discovery of the records maintained by Defendants.

46.     The persons/entities in the Class are so numerous that the joinder of all such persons/entities is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

47.     This action involves common questions of law and fact, because each Class Member's claim derives from the same nucleus of facts and common relief by way of damages is sought by Plaintiffs and putative members of the class.

48.     The questions of law and fact common to the class members predominate over questions affecting only individual class members. Thus, proof of a common or single set of facts will establish the right of each member of the Classes to recover and include, but are not limited, to the following:

(a)     Whether Defendants' installation and maintenance of DIRECTV Equipment on roofs and exterior walls of MDUs, was with the consent/permission of Plaintiffs and putative class members;

(b)     Whether Defendants' installation and maintenance of DIRECTV Equipment on roofs and exterior walls of MDUs owned by Plaintiffs and putative class members, constitutes trespass;

(c)     Whether Defendants' abandonment of DIRECTV Equipment permanently affixed to roofs and exterior walls of MDUs owned by Plaintiffs and putative class members, constitutes continuing trespass;

(d)     Whether Defendants are liable to Plaintiffs and putative class members for damages arising from their continuing trespass, and if so, the proper measure of damages.

49. The claims asserted by Plaintiffs in this action are typical of the claims of other Class members, as the claims arise from the same course of conduct by Defendants and the relief sought is identical.

50. Plaintiffs' claims are typical of the members of the Class, since all such claims arise out of the same business practices of Defendants, characterized by the permanent installation of DIRECTV system Equipment in or on roofs and/or exterior walls of MDUs, without paying consideration and in the absence of securing prior verbal or written permission therefor from the Plaintiffs-Landlords and putative class members.

51.     Plaintiffs have no interest(s) antagonistic to the interests of the other members of the Class. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in Class action litigation. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

52.     The Class, of which each Plaintiff is a member, is readily identifiable.

53.     A Class action is a superior and cost effective method for the fair and efficient adjudication of the present controversy and there would accrue enormous savings to both the Courts and the Class in litigating the common issues on a class wide, instead of on a repetitive individual basis.

54.     No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

55.     A Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impractical. While the damages suffered by the individual Class members are not insignificant, the amounts are modest compared to the expense and burden of individual litigation. A Class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

56.     The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would (a) establish incompatible standards of conduct of Defendants in this action and (b) create the risk that adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

## FIRST COUNT
### (Individual  Claims for Trespass to Real Property)

57.     Plaintiffs incorporate all preceding paragraphs of this complaint as if fully set forth herein.

58.     Defendants intentionally and knowingly installed  DIRECTV system Equipment on

10

the roof of Plaintiffs' MDU  without first securing the prior verbal or written permission from the Plaintiffs-Owners.

59.    Defendants' acts and conduct were a physical invasion and intrusion affecting the Plaintiff's exclusive possessory interest of their real property.

60.    Defendants knowingly and intentionally violated FCC rules and regulations by drilling holes into the roof of Plaintiffs' MDU and  permanently affixing DIRECTV Equipment thereto, without the prior verbal or written  consent of the Plaintiffs-Owners.

61.    Plaintiffs did not authorize Defendants or any of  them, verbally or in writing, to install or maintain DIRECTV Equipment on their MDU.

62.    Defendants never paid Plaintiffs any type of  monetary consideration for the privilege of installing and/ or maintaining DIRECTV  Equipment on the roof of Plaintiffs' MDU.

63.    The leases between Plaintiffs and their MDU tenants prohibit the installation of any satellite dishes, including DIRECTV Equipment on the roofs and/or exterior walls of Plaintiffs' MDU.

64.    Plaintiffs' MDU tenants had no legal authority to authorize the installation of any satellite dishes, including DIRECTV Equipment on the roofs and/or exterior walls of Plaintiffs' MDU.

65.    Defendants' entry upon, use and occupancy of Plaintiffs' MDU, as described herein, constitutes trespass.

66.    Defendants' entry upon, and unabated use and occupancy of Plaintiffs' MDU, as described herein, constitutes continuing trespass.

67.    Defendants are strictly liable to Plaintiffs for trespass.

68.     As a proximate result of Defendants' trespass, Plaintiffs have  sustained economic damage and pecuniary injury.

69.     As a proximate result of Defendants' continuing trespass on Plaintiffs' MDU, Defendants are liable to the Plaintiffs for damages measured by the value of the illegal use of plaintiffs' real property to DIRECTTV/Defendants.

70.     As a proximate result of Defendants' continuing trespass upon Plaintiffs' MDU,  Defendants are liable to the Plaintiffs for damages for the costs to remove the DIRECTV Equipment and repair the roof at the sites of affixation.

71.     Defendants' continuing trespass upon Plaintiffs' MDU has been intentional, deliberate, with  knowledge of a high degree of probability of harm to Plaintiffs and reckless indifference  to the law.

72.     Defendants are liable to Plaintiffs for punitive damages.

**SECOND COUNT**
**(Class Claims for Trespass to Real Property)**

73.     Plaintiffs incorporate all preceding paragraphs of this complaint as if fully set forth herein.

74.     Defendants intentionally and knowingly installed  DIRECTV system Equipment in or on roofs and/or exterior walls of Connecticut MDUs  without first securing the prior verbal or written permission from members of the Class.

75.     Defendants' acts and conduct were a physical invasion and intrusion affecting the exclusive possessory interest of Class members in their real property.

76.     Defendants knowingly and intentionally violated FCC rules and regulations by drilling holes in the exterior walls or roofs of Connecticut MDUs and permanently affixing DIRECTV Equipment thereto, without the prior verbal or written consent of

members of the Class.

77.     Members of the class did not authorize Defendants or DIRECTV, verbally or in writing, to install or maintain DIRECTV Equipment on the roofs and/or exterior walls of their MDUs.

78.     Defendants never paid members of the Class any type of monetary consideration, for the privilege of installing and/ or maintaining DIRECTV Equipment on the roofs and/or exterior walls of their MDUs.

79.     Defendants' entry upon, use and occupancy of MDUs owned by members of the Class, as described herein, constitutes trespass.

80.     Defendants' entry upon, and unabated use and occupancy of MDUs owned by Class members, constitutes continuing trespass.

81.     Defendants are strictly liable to members of the Class for trespass.

82.     As a proximate result of Defendants' trespass, members of the Class have sustained economic damage and pecuniary injury.

83.     As a proximate result of Defendants' continuing trespass, Defendants are liable to members of the Class for damages measured by the value of the illegal use of their real property to Defendants.

84.     As a proximate result of Defendants' continuing trespass, Defendants are liable to members of the Class for damages for the costs to remove the DIRECTV Equipment and repair the roof and/or exterior walls at the sites of affixation.

85.     Defendants' continuing trespass has been intentional, deliberate, with knowledge of a high degree of probability of harm to members of the Class and

13

reckless indifference to the law.

86.     Defendants are liable to members of the Class for punitive damages.


### THIRD COUNT
### (Individual Claims under Connecticut Unfair Trade Practices Act)

87.     Plaintiffs incorporate all preceding paragraphs of this complaint as if fully set forth

herein.

88.     Defendants' actions and conduct, as described herein, offends public policy as it has

been established by statutes, the common law and otherwise.

89.     Defendants' actions and conduct, as described herein violates the Federal

Communication Commission's Second Report and Order, *In the Matter of Implementation*

*of Section 207 of the Telecommunications Act of 1996, Restrictions on Over-the-Air*

*Reception Devices* , 1998 WL 888546 (1998), 47 C.F.R. 1.4000(d) a tenant does not have

direct or indirect control over the exterior walls or roof of an MDU, which are common or

restricted areas, and therefore the Regulation does not authorize installation of Equipment

in those areas without consent of the Landlord.

90.     Defendants' actions and conduct, as described herein, tortiously interfered with and

circumvented the terms and conditions of the lease existing between the Plaintiffs and their

tenant on the 3rd floor.

91.     Defendants' actions and conduct, as described herein adversely affected the

Plaintiff's exclusive possessory interest in their real property.

92.     Defendants' actions and conduct, as described herein was immoral, unethical,

oppressive and unscrupulous.

93.     Defendants' actions and conduct, as described herein, have directly caused

14

Plaintiffs to have suffered ascertainable loss, due to the CUTPA violations alleged.

94.     As a proximate result of Defendants' continuing CUTPA violations, Defendants are liable to Plaintiffs for compensatory damages, including, but not limited to, costs for removal of the equipment, and patching of areas where the dish was affixed.

95.     As a proximate result of Defendants' continuing CUTPA violations, Defendants are liable to Plaintiffs for consequential damages.

96.     As a proximate result of Defendants' continuing CUTPA violations, Defendants are liable to Plaintiffs for punitive damages.

97.     As a proximate result of Defendants' continuing CUTPA violations, Defendants are liable to Plaintiffs for reasonable attorney's fees and the costs of this litigation.

98.     Plaintiffs are entitled to injunctive and other equitable relief, enjoining Defendants' continuing CUTPA violations, as alleged herein.

**FOURTH COUNT**
**(Class Claims under Connecticut Unfair Trade Practices Act)**

99.     Plaintiffs incorporate all preceding paragraphs of this complaint as if fully set forth herein.

100.    Defendants' actions and conduct, as described herein, offends public policy as it has been established by statutes, the common law and otherwise.

101.    Defendants' actions and conduct, as described herein violates the Federal Communication Commission's Second Report and Order, In the Matter of Implementation of Section 207 of the Telecommunications Act of 1996, Restrictions on Over-the-Air Reception Devices , 1998 WL 888546 (1998), 47 C.F.R. 1.4000(d) a tenant does not have direct or indirect control over the exterior walls or roof of an MDU, which are common or restricted areas, and therefore the Regulation does not authorize installation of Equipment

in those areas without consent of the Landlord.

102.    Defendants' actions and conduct, as described herein, tortiously interfered with and circumvented the terms and conditions of the leases and leasehold interests existing between members of the Class and their respective tenants.

103.    Defendants' actions and conduct, as described herein adversely affected the Class members' exclusive possessory interest in their real property.

104.    Defendants' actions and conduct, as described herein was immoral, unethical, oppressive and unscrupulous as they knew or should have known that the installation of the satellite dishes was without the landlords' consent.

105.    Defendants' actions and conduct, as described herein, have directly caused members of the Class to have suffered ascertainable loss, due to the CUTPA violations alleged.

106.    As a proximate result of Defendants' continuing CUTPA violations, Defendants are liable to members of the Class for compensatory damages, including, but not limited to, costs for removal of the equipment, and patching of areas where the dish was affixed.

107.    As a proximate result of Defendants' continuing CUTPA violations, Defendants are liable to members of the Class for consequential damages.

108.    As a proximate result of Defendants' continuing CUTPA violations, Defendants are liable to members of the Class for punitive damages.

109.    As a proximate result of Defendants' continuing CUTPA violations, Defendants are liable to members of the Class for reasonable attorney's fees and the costs of this litigation.

110.    Members of the Class are entitled to injunctive and other equitable relief, enjoining Defendants' continuing CUTPA violations, as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for Judgment as follows:

(a)     Certifying this case as a Class Action with Plaintiffs as Class representatives and their attorneys as Class counsel;

(b)     Awarding Judgment to Plaintiffs for all available  damages, including compensatory and punitive damages and other relief under the FIRST and THIRD COUNTS asserted;

(c)     Awarding Judgment to members of the Class for all available damages, including compensatory and punitive damages and other relief, including injunctive relief to enjoin further conduct under the SECOND and FOURTH COUNTS asserted;

(d)     Awarding Plaintiffs and members of the Class their costs and disbursements, including reasonable attorney's fees;

(e)     Awarding Plaintiffs and members of the Class pre-judgment and post-judgment interest;

(f)     Granting such other and further relief as may be deemed just and proper in the premises.

Dated: June 1, 2015

BROWN PAINDIRIS & SCOTT, LLP
By: _____ /s/ _____
Bruce E. Newman
747 Stafford Avenue
Bristol, CT 0601
Tel: (860) 583-520
Fax: (860)589-5780
Juris No. 401277
bnewman@bpslawyers.com

-and-

17

BLAU, LEONARD LAW GROUP, LLC
Steven Bennett Blau
Shelly A. Leonard
23 Green Street, Suite 303
Huntington, NY 11743
(631) 458-1010
sblau@blauleonardlaw.com
sleonard@blauleonardlaw.com

*Attorneys for Plaintiff*

RETURN DATE: JULY 21, 2015     : SUPERIOR COURT
                   :
                   : JUDICIAL DISTRICT OF
JEAN M. FLYNN AND JAMES E. STEAD,   :
INDIVIDUALLY AND ON BEHALF OF ALL  :WATERBURY
OTHERS SIMILARLY SITUATED,    :
    Plaintiffs         :
                   :
VS.                : AT WATERBURY
                   :
DIRECTV, LLC, AND DOE, INC.     :
NOS. 1-3             :
    Defendants        : JUNE 11, 2015

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is more than fifteen thousand

($15,000.00) dollars, exclusive of interest and costs, and injunctive relief is also requested.

BROWN PAINDIRIS & SCOTT, LLP
By: _____/s/_____
Bruce E. Newman
747 Stafford Avenue
Bristol, CT 0601
Tel: (860) 583-520
Fax: (860)589-5780
Juris No. 401277
bnewman@bpslawyers.com

-and-

BLAU, LEONARD LAW GROUP, LLC
Steven Bennett Blau
Shelly A. Leonard
23 Green Street, Suite 303
Huntington, NY 11743
(631) 458-1010
sblau@blauleonardlaw.com
sleonard@blauleonardlaw.com

*Attorneys for Plaintiff*

<u>OFFICER'S RETURN TO COURT</u>

STATE OF CONNECTICUT:

                  ss: Hartford                            June 11, 2015

COUNTY OF HARTFORD  :

       Then and there and by virtue hereof and by direction of the Plaintiff's Attorney, I left a verified true and attested copy of the within original **WRIT SUMMONS – CIVIL, CLASS ACTION COMPLAINT, STATEMENT OF AMOUNT IN DEMAND,** with MICHELE TAYLOR, the person in charge of Corporation Service Company, at 50 Weston Street, Hartford, Connecticut, Statutory Agent for Service for the within named Defendant, **DIRECTV, LLC.**

       And on 15th day of June 2015, in the town of New Fairfield, County of Fairfield, I left a verified true and attested copy of the original **WRIT SUMMONS – CIVIL, CLASS ACTION COMPLAINT, STATEMENT OF AMOUNT IN DEMAND,** at the usual place of abode of the within named Defendant, **JAMES E. STEAD,** at 19 Bigelow Road, New Fairfield, Connecticut.

       The within is the original **WRIT SUMMONS – CIVIL, CLASS ACTION COMPLAINT, STATEMENT OF AMOUNT IN DEMAND,** with my doings hereon endorsed.

ATTEST:

*Maryann Douglas*

Maryann Douglas
State Marshal
Hartford County

FEES:

| | |
|---|---|
| Service | $80.00 |
| Verified Pages | 20.00 |
| Endorsements | 2.80 |
| Travel | 56.00 |
| Total | $158.80 |