UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEAN M. FLYNN & JAMES E. STEAD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, PLAINTIFF, | CIV. NO.: 3:15-cv-01053-JAM |
| VS. | **August 17, 2015** |
| DIRECTV, LLC DEFENDANT. | Date Complaint Served: June 11, 2015 |

### REPORT OF 26(f) PLANNING CONFERENCE

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, undersigned counsel for the parties conferred on August 18, 2015. The participants were Steven B. Blau and Bruce Newman for plaintiffs Jean M. Flynn and James E. Stead and Andrew E. Paris, Alexander Akerman, Matthew D. Gordon and Nicholas Ouellette for defendant DIRECTV, LLC.

**I.   CERTIFICATION**

Undersigned counsels certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsels further certify that they have forwarded a copy of this report to their clients.

**II.   JURISDICTION**

   A.   Subject Matter Jurisdiction

Thus Court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

   B.   Personal Jurisdiction

Personal jurisdiction is not contested.

**III.   BRIEF DESCRIPTION OF CASE**

    A.   <u>Claims of Plaintiff</u>

1. Plaintiffs bring this litigation to recover monetary damages for continuing trespass to real property; and for deceptive business practices under Connecticut General Statutes Section 42-110a, et seq. ("CUTPA").

2. DIRECTV by its agents, servants and employees, has continuously entered Connecticut multiple dwelling unit properties ("MDUs") owned by Plaintiffs and putative members of the class, and without first receiving Landlord authorization /permission, (verbal or written) installed DIRECTV equipment in common areas of the MDUs not exclusively used and/or controlled by tenant subscribers to DIRECTV.

3. In accordance with the Federal Communication Commission's Second Report and Order, In the Matter of Implementation of Section 207 of the Telecommunications Act of 1996, Restrictions on Over-the-Air Reception Devices, 1998 WL 888546 (1998), 47 C.F.R. 1.4000(d) a tenant does not have direct or indirect control over the exterior walls or roof of an MDU, which are common or restricted areas, and therefore the Regulation does not authorize installation of Equipment in those areas without consent of the Landlord. In particular, the Second Report and Order makes clear that DIRECTV cannot drill holes in an exterior wall or roof of an MDU without consent of the Landlord.

DIRECTV has knowingly and intentionally violated the foregoing FCC rules and regulations by instructing its installers to drill holes in the exterior walls or roofs of

2

Connecticut MDUs and permanently affix equipment thereto, without the written or verbal consent of the Plaintiffs-Owners and putative members of the class.

4. DIRECTV controls the work, scope and conduct of independent contractor installation technicians, in all material aspects. Third party installation technicians work under the direct and/or indirect supervision of DIRECTV and adhere to DIRECTV policies, procedures, specifications, rules and regulations in carrying out DIRECTV Work Orders, which specify the particulars of the work to be performed including, but not limited to, the DIRECTV customer's name and address, the start and complete time for the job, the tools and materials to be used, pricing, and any special terms and conditions.

5. DIRECTV is liable for torts committed by independent contractors under an agency or respondeat superior theory.

6. Trespass is a strict liability tort, Prosser on Torts at 63 (West, 4th ed. 1971). Where there is trespass to land, consent is an affirmative defense which the defendant has the burden of establishing. *Milton v. Puffer*, 207 Mass. 416, 93 N.E. 634 (1911); RESTATEMENT, TORTS, (1934) §167, comment h.

7. Questions of law and fact common to the class members predominate over questions affecting only individual class members. Commonality and typicality are generally met where, as here, a defendant engages in a standardized course of conduct vis-à-vis the class members, and plaintiffs' alleged injury arises out of the conduct.

DIRECTV's Defenses

1. Plaintiffs cannot bring a claim under Connecticut General Statutes Section 42-110a, et seq. ("CUTPA") because they do not have any sort of business relationship with DIRECTV.

2. The installations at issue were conducted by independent, third party contractors. No DIRECTV employees installed satellite equipment in residential MDUs in Connecticut. DIRECTV is not liable for torts allegedly committed by independent contractors under an agency theory.

3. Indirect, verbal consent of a landlord delivered to a tenant for installation of satellite equipment is lawful authorization for DIRECTV's installation of satellite equipment.

4. The claims cannot be certified as class because individual issues predominate over any common ones, the class is not ascertainable and is overbroad. Liability for trespass hinges on landlord consent for individual satellite equipment installations, which cannot be determined by common evidence. Similarly, damages, if any, vary and cannot be calculated via a common method.

5. DIRECTV generally denies the legal and factual bases for the Plaintiff's claims, including, but not limited to, all allegations that the installation at issue was not authorized. DIRECTV is still analyzing potential counterclaims, and third party claims.

**IV. STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. The Plaintiffs are residents of New Fairfield, Connecticut 06812.

2. The Defendant is DIRECTV, LLC, a California limited liability company with its principal place of business at 2260 E. Imperial Highway, El Segundo, California 90245.

V.   **CASE MANAGEMENT PLAN**

  A.   <u>Standing Order on Scheduling in Civil Cases</u>

The parties respectfully request the deadlines in the Standing Order on Scheduling in Civil Cases be modified as outlined below.

  B.   <u>Scheduling Conference with the Court</u>

The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference by telephone or an in-person conference to be held immediately following argument on DIRECTV's motion to dismiss and strike class allegations.

  C.   <u>Early Settlement Conference</u>

  1.   The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

  2.   The parties do not request an early settlement conference.

  3.   The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

  D.   <u>Joinder of Parties and Amendment of Pleading</u>

  1.   Plaintiffs should be allowed to file motions to join additional parties and to file motions to amend the pleadings until October 19, 2015.

  2.   DIRECTV should be allowed to file motions to join additional parties until November 18, 2015. DIRECTV has already filed a response to Plaintiffs' complaint. DIRECTV will have the full period of time granted by the Federal Rules of Civil Procedure and the District of Connecticut Local Rules to respond to any amended pleading.

  E.   <u>Discovery</u>

  a.   Discovery Subjects

DIRECTV anticipates discovery will be needed on the following subjects:

- The facts and circumstances of the installation of the satellite equipment at issue on Plaintiffs' property.

- The facts and circumstances of the installation of any past or present satellite equipment on Plaintiffs' property.
- The facts and circumstances of the installation of any past or present telecommunications or video entertainment equipment on Plaintiffs' property.
- Plaintiffs' past and present leases with their tenants—of all types.
- Plaintiffs practice in regards to modifications of leases with their tenants.
- Any communications between Plaintiffs and their tenants regarding the installation of satellite equipment.
- Plaintiffs' practices in regards to authorization of satellite equipment installation.
- Maintenance, repair and upkeep of Plaintiffs' property.
- Names, identities and contact information of all Plaintiffs' property managers and other agents.
- Alleged injury to Plaintiffs' property.

Plaintiffs anticipate discovery will be needed on the following subjects:

- Contract documents between DIRECTV and third party installers.
- DIRECTV policies, procedures, specifications, rules and regulations for third party installation technicians to carry out DIRECTV Work Orders.
- DIRECTV rules, regulations and requirements for third party installation technician eligibility to install DIRECTV products in DIRECTV customer MDUs.
- DIRECTV policies, procedures, specifications, rules and regulations for securing Landlord authorization/consent for installation of DIRECTV equipment in common or restricted areas of MDUs.
- Disclosure of number of DIRECTV installations in Connecticut MDUs during period April 2012 to April 2015.
- Costs and expenses of installing and/or removing affixed DIRECTV equipment from common/restricted areas of MDUs.

- Damages measured by the value of the illegal trespass and use of plaintiffs' real property, by DIRECTV, its agents, servants and employees.

b. All discovery will be commenced on October 19, 2015 and completed by September 16, 2016.

c. Discovery will not be conducted in phases. However, the parties may ask the Court for additional discovery, if necessary, if a class is certified and survives any dispositive motions.

d. Discovery Deadlines:
- Fact Discovery will be completed by May 20, 2016.
- Plaintiffs' expert(s) report will be due no later than June 3, 2016.
- DIRECTV will depose Plaintiffs' expert(s) no later than July 18, 2016.
- DIRECTV's expert(s) report will be due no later than August 1, 2016.
- Plaintiffs will depose DIRECTV's expert(s) no later than September 16, 2016.

e. Depositions:
- Plaintiffs will require 5 deposition of fact witnesses. The depositions will commence on November 2, 2015 and be completed by May 20, 2016.
- At this time, DIRECTV estimates that it will require 5 or 6 depositions of fact witnesses. The depositions will commence by January 19, 2016 and be completed by May 20, 2016.

f. The Parties will not request permission to serve more than 25 interrogatories.

g. Plaintiffs intend to call expert witness(es) at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts by June 3, 2016. Depositions of such experts will be completed by July 18, 2016.

h. DIRECTV intends to call expert witness(es) at trial. DIRECTV will designate all trial experts and provide opposing counsel with reports from retained experts by August 1, 2016. Depositions of such experts will be completed by September 16, 2016.

i. All damages analysis will be provided by June 3, 2015.

7

j. The Parties have discussed the storage, preservation and production of electronically stored information. DIRECTV has issued a hold notice and is preserving relevant electronic information. Plaintiffs' counsel has likewise instructed Plaintiffs, and Plaintiffs' agents, to preserve all relevant electronic stored information, including, but not limited to all relevant electronic mail, electronic financial and communication records, voice messages and video recordings. Electronically stored information and documents may be produced in either electronic or printed form. If the discovery is exchanged electronically text files shall be produced in TIFF, PDF or other agreed upon format via either electronic mail or ftp.

k. The Parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The Parties incorporate the Court's Standing Protective Order by reference. Further, the Parties agree that to the extent any party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5). The parties agree that inadvertent production of privileged materials shall not constitute a waiver of privileges or protections so long as the producing party notifies the receiving party promptly upon discovery of the inadvertent production. Disputes concerning privileges and protections shall be addressed in accordance with Fed. R. Civ. P. 26(b)(5)(B).

F. <u>Dispositive Motions</u>

DIRECTV filed a Motion to Strike Class Allegations and Dismiss Plaintiffs CUTPA cause of action and request for punitive damages on August 17, 2015. Plaintiffs Motion for Class certification should be filed on October 16, 2016. DIRECTV may file a motion for summary judgment no later than 30 days from the entry of an order on Plaintiffs' class certification motion.

G. <u>Joint Trial Memorandum</u>

The Joint Trial Memorandum will be filled no later than 60 days after the Court rules on the last dispositive motion.

## VI. TRIAL READINESS

The case will be ready for trial 90 days after the Court rules on the last dispositive motion.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated:  August 24, 2015

| | |
|---|---|
| **DEFENDANT,** <br> **DIRECTV, LLC** | **PLAINTIFFS** <br> **JEAN M. FLYNN AND JAMES E. STEAD** |
| BY:  /s/ <br> Andrew E. Paris <br> Bar No.:  phv07646 <br> Alston & Bird LLP <br> 333 South Hope St., Suite 16 <br> Los Angeles, CA  90071 <br> Telephone: (213) 576-1000 <br> Facsimile: (213) 576-1100 <br> drew.paris@alston.com | BY:  /s/ <br> Bruce E. Newman <br> Bar No.: ct12301 <br> Brown, Paindiris & Scott, LLP <br> 747 Stafford Avenue <br> Bristol, CT 06011-0575 <br> Tel.  (860) 583-5200 <br> Fax  (860) 589-5780 <br> bnewman@bpslawyers.com |
| Matthew D. Gordon <br> Bar No.: ct02355 <br> Nicholas N. Ouellette <br> Bar No.: ct28654 <br> Matthew Dallas Gordon, LLC <br> 836 Farmington Ave., Suite 221A <br> West Hartford, CT 06199 <br> Telephone: (860) 523-0471 <br> Telecopier: (860) 523-0472 <br> mattgordon@mdgordonlaw.com | Steven Bennett Blau <br> Blau, Leonard Law Group, LLC <br> 23 Green Street, Suite 303 <br> Huntington, NY 11743 <br> Telephone: (631) 458-1010 <br> slau@blauleonardlaw.com |

## CERTIFICATION

This is to certify that on August 24, 2015, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                              /s/ Nicholas N. Ouellette
                                              Nicholas N. Ouellette